IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DALE RICHARD BELCHER, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:07-CV-0348-R |
| § | |
| C. JUDD, PARKLAND HOSPITAL, § | |
| LUPE VALDEZ, DALLAS CO. SHERIFF § | |
| Defendants. § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's MOTION TO DISMISS for lack of subject matter jurisdiction (filed May 23, 2007) (Dkt. No. 15). The Plaintiff did not respond to the motion. For the reasons stated below, the Court DENIES the motion to dismiss.

This is an action brought by Dale Richard Belcher, an inmate formerly confined in the Suzanne Kays Facility of the Dallas County Jail in Dallas, Texas. Defendant is Catherine Judd, a licensed physician's assistant. Belcher claims that Judd denied him proper medical care for his mental illness. He seeks monetary damages of $100,000. Judd seeks dismissal under F.R.C.P. Rule 12(b)(1) for lack of subject matter jurisdiction because Belcher failed to plead a federal question in his complaint. We are required to liberally construe *pro se* pleadings to afford complainants an opportunity to offer proof to support their claims. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In considering Belcher's complaint, we take the allegations as true for purposes of the motion to dismiss. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). Thus, liberally read, Belcher's complaint asserts enough facts that, if true, create a civil rights cause of action for denial of medical care under 42 U.S.C. § 1983.

Belcher contends that he suffers, *inter alia*, from bipolar disorder and depression. In September 2006, Judd changed Belcher's anti-psychotic medication from Seroquel to Stelazine. Belcher claims that Judd subsequently denied him anti-psychotic medication from October 2006 to February 2007 causing him to suffer audio hallucinations, mood swings and panic attacks. *See Plaintiff's Complaint, filed February 22, 2007.* The denial of medical care evidencing deliberate indifference to serious medical needs is a basis for a civil rights claim under Section 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). If Belcher's claims are indeed true that he was denied the medication necessary to treat his bipolar disorder, he may have a colorable Eighth Amendment claim under *Gamble*. In this case, it is difficult for us to determine Belcher's diagnosis, what medication he was prescribed and whether he really was denied necessary medication. These are unresolved fact issues. Defendant's objection to the complaint would be better served in a motion for summary judgment complete with evidence such as medical records. For the foregoing reasons, Defendant's Motion to Dismiss is DENIED without prejudice.

A copy of this order shall be transmitted to Plaintiff and to Counsel for Defendant.

SO ORDERED this 20th day of August, 2007.

*Jerry Buchmeyer*

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE