IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DALE RICHARD BELCHER,           §
                    Plaintiff,   §
                                 §
v.                               §      Civil Action No. 3:07-CV-0348-R
                                 §
C. JUDD, PARKLAND HOSPITAL,      §
LUPE VALDEZ, DALLAS CO. SHERIFF, §
                   Defendants.    §

MEMORANDUM OPINION AND ORDER

Came on this day to be considered *Defendant's Motion for Summary Judgment* [doc #25]

and the Court finds and orders as follows:[1]

This is an action brought by Dale Richard Belcher, an inmate formerly confined in the

Suzanne Kays Facility of the Dallas County Jail in Dallas, Texas, pursuant to 42 U.S.C. § 1983.

Defendant is Catherine Judd, a licensed physician's assistant. Belcher claims that Judd denied him

proper medical care for his mental illness. Belcher contends that he suffers, *inter alia*, from bipolar

disorder and depression. In September 2006, Judd changed Belcher's anti-psychotic medication

from Seroquel to Stelazine. Belcher claims that Judd subsequently denied him anti-psychotic

medication from October 2006 to February 2007 causing him to suffer audio hallucinations, mood

swings and panic attacks. *See Plaintiff's Complaint, filed February 22, 2007*. He seeks monetary

damages of $100,000.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine

issue exists as to any material fact and that the movant is entitled to judgment as a matter of law.

_____

[1] Plaintiff did not file a response to Defendants' Motion for Summary Judgment.

Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment.

*Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(c).

The summary judgment evidence presented in this case establishes that there are no genuine issues of material fact and that Defendant is entitled to summary judgment as a matter of law.

For the reasons set forth in their motion for summary judgment and in light of the summary judgment evidence submitted, Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Copies of this order shall be transmitted to Plaintiff and to Counsel for Defendant.

SO ORDERED this 9th day of November, 2007.

_____
JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE